The document below is hereby signed.

Signed: August 17, 2016



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Case No. 15-00646 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING TEODORA SIMU'S
MOTION TO STAY ENFORCEMENT OF ATTORNEY FEE AWARDS

Teodora Simu contends that this court's judgments against her imposing attorney's fee awards as sanctions are not final judgments and are thus not enforceable as such. On that basis, she has filed a motion to stay enforcement of the judgments. However, the judgments *were* final judgments.

As held in *Tringali v. Hathaway Mach. Co.*, 796 F.2d 553, 558 (1st Cir. 1986), final orders in a bankruptcy case are not "limited to the single final order issued at the very end of an entire bankruptcy case-an order that ultimately disposes of all the debtor's assets on the basis (perhaps) of the results of many

individual proceedings and controversies taking place over many years within the context of the overall bankruptcy case itself." Rather, a proceeding within the bankruptcy case, not the entire case, is the relevant judicial unit for purposes of finality. *Id.* Under *Cunningham* v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999), a sanction order is not final when it "neither ended the litigation nor left the court only to execute its judgment." However, here the two judgments *did* end the proceedings within which the judgments were sought and left the court only to execute the judgments.

Litigation within a bankruptcy case is generally one of two types of proceedings, either a "contested matter" under Fed. R. Bankr. P. 9014 or an "adversary proceeding" under Fed. R. Bankr. P. 7001. The judgments were issued in proceedings that were contested matters, and those contested matters were fully ended by the entry of the judgments.

Specifically, the contested matters in which the court awarded attorney's fees as sanctions were (1) the debtor's motion for civil contempt for violation of the automatic stay, and (2) the motion for sanctions that Simu filed against the debtor under Fed. R. Bankr. P. 9011 for sanctions relating to statements on her petition. The court granted the first motion and entered a judgment for fees as a compensatory contempt sanction. The court denied the second motion and entered a judgment in favor of the

debtor for fees as the prevailing party against Simu under Fed. R. Bankr. P. 9011(c)(1)(A)).

The contested matters were *not* motions filed within some other proceeding.  Instead, the two motions commenced independent proceedings:

- The contempt motion was an independent motion seeking civil contempt sanctions based on prosecution of a claim in another court in violation of 11 U.S.C. § 362(a).

- The Rule 9011 motion related to the debtor's petition commencing this case.  That petition was a voluntary petition that did not commence a proceeding, and instead constituted an order for relief under 11 U.S.C. § 301 immediately upon the filing of the petition. Accordingly, that petition did not commence a

proceeding within the case.[1]  What commenced a proceeding was Simu's Rule 9011 motion for sanctions for the debtor's alleged violations of Rule 9011, and that motion was denied, with the judgment for sanctions awarded to the debtor as the prevailing party.

Accordingly, the judgments here were final.  It is thus

ORDERED that Teodora Simu's *Motion to Stay Enforcement of Attorney Fee Awards* is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.

---

[1]  It was not an involuntary petition under 11 U.S.C. § 303 that commences a proceeding that may lead to an order for relief under 11 U.S.C. § 303(h) only after service of a summons and the petition under Fed. R. Bankr. P. 1010 and adjudication of the matter under Fed. R. Bankr. P. 1013. In contrast to the voluntary petition here, an involuntary petition *does* commence a proceeding, whether it is viewed as a contested matter under Rule 9014 or a unique type of proceeding governed by Fed. R. Bankr. P. 1018. *Compare In re West Side Community Hospital, Inc.*, 112 B.R. 243, 253 (Bankr. N.D. Ill. 1990) (noting that the "involuntary petition commenced a contested matter within the meaning of Bankruptcy Rule 9014"); and *In re Raetzer*, No. 08-42075, 2008 WL 5341006, at *1 (Bankr. W.D. Wash. July 9, 2008), *with In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 594 (Bankr. W.D. Tex. 2010) (stating that "Involuntary petitions . . . are neither adversary proceedings nor contested matters as such, resulting in the oddity that some, but not all, of the Part VII rules apply to the disposition of involuntary petitions." (citations omitted)).