The document below is hereby signed.

Signed: December 27, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHARRA NEVES CARVALHO, | ) | Case No. 15-00646 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
CLOSING CASE AND DISCHARGING TRUSTEE

In the *Memorandum Decision re Simu's Motion to Remove Estate Trustee and Motion for Leave to Sue Trustee*, I stated that:

> out of an abundance of caution I will limit the order pursuant to this decision to denial of the motions to remove Ross as trustee and for leave to sue him, and not close the case until the disposition of the motion to convert the case to chapter 11.

Dkt. No. 183, at 27.  However, having had further time to reflect on whether the chapter 7 case should be closed, I conclude that, because Ross has fully administered the chapter 7 estate, the case should be closed and Ross discharged, but the case should be immediately reopened for consideration of Teodora Aureliana Simu's motion to convert the case to chapter 11 and other pending matters.

I

In a chapter 11 case, 11 U.S.C. § 1115(a) provides:

> In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541—
>
>   (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>
>   (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

No such provision exists in a chapter 7 case. Under 11 U.S.C. § 541(a)(6), expressly excluded from property of the estate in a chapter 7 case are "earnings from services performed by an individual debtor after the commencement of a case." *See also Christie v. Royal (In re Christie)*, 233 B.R. 110, 112-13 (B.A.P. 10th Cir. 1999).

As to this chapter 7 estate, the debtor's case is ready to be closed. Under 11 U.S.C. § 350(a), "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." The presumption under Fed. R. Bankr. P. 5009(a) that the estate in this chapter 7 case has been has not been rebutted. Moreover, Ross is entitled to be discharged. He has faithfully fully administered the chapter 7 estate, as reflected by the court's denial of the motion to

2

remove him as trustee and the denial of the motion to grant permission to sue him.  His status as a chapter 7 trustee ought to be brought to an end and not be held in limbo pending the disposition of various matters, including the motion to convert the case to chapter 11 and pending appeals.  Having fully rendered the services required of him, as will be signified by the entry of an order discharging him, Ross is entitled to receive from the clerk the amounts owed him under 11 U.S.C. § 330(b) and Item 9 of the *Bankruptcy Court Miscellaneous Fee Schedule*.  There is no just reason to delay discharging Ross and closing the chapter 7 case.

    Moreover, under 11 U.S.C. § 704(a)(1), Ross was required to "collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]"  Under 11 U.S.C. § 554(c), the closing of the case will abandon to the debtor the property of the chapter 7 estate that she listed on her schedules pursuant to § 521(a)(1).  The revesting of title to such property in the debtor ought not be further delayed.  The debtor has received a discharge, and as part of her fresh start she should receive scheduled property that the trustee has determined is not worth administering, a determination leading to a presumption that the estate has been fully administered, which in turn is a presumption that has not been rebutted.

3

II

After closing the chapter 7 case, I will reopen the case for the purpose of allowing Simu to continue to pursue her belated motion to convert the case to chapter 11, based on her desire to have property of the debtor that has been obtained postpetition and earnings for services performed by the debtor postpetition be treated, pursuant to 11 U.S.C. § 1115(a), as property of the estate in chapter 11 that may be used to fund a chapter 11 plan.  However, I do not thereby opine as to whether the motion to convert to chapter 11 has any merit: a decision on that motion will await a hearing on the motion.  The court's order will provide that for purposes of applying 11 U.S.C. § 1115(a), which is limited to property acquired by the debtor postpetition but "before the case is closed," the case shall not be deemed to have been closed.  That way, if Simu succeeds in obtaining a conversion of the case to chapter 11, then for purposes of § 1115(a)(1) and (2), respectively, "all property of the kind specified in section 541 that the debtor acquires after the commencement of the case" and "all earnings from services performed by the debtor after the commencement of the case" (including such property or earnings acquired after entry of this order) will be property of the estate in chapter 11 as though this case had not been closed.

III

Based on the foregoing, it is

ORDERED that the trustee be and hereby is discharged and this case be and hereby is closed as a chapter 7 case. It is further

ORDERED that an order will immediately follow to reopen the case to address pending matters (including Teodora Aureliana Simu's motion to convert this case to chapter 11 and pending appeals). It is further

ORDERED that the closing of the case abandons to the debtor, pursuant to 11 U.S.C. § 554(c), all property that she scheduled. It is further

ORDERED that as to Teodora Aureliana Simu's motion to convert the case to chapter 11 (and if Teodora Aureliana Simu succeeds in obtaining a conversion of the reopened case to chapter 11), 11 U.S.C. § 1115(a) will be applied as though this order had not been entered, with the result that under 11 U.S.C. § 1115(a)(1) and (2), respectively, "all property of the kind specified in section 541 that the debtor acquires after the commencement of the case" (including after entry of this order) and "all earnings from services performed by the debtor after the commencement of the case" (including after entry of this order)

will be treated as property that would be property of the estate if the case is converted to chapter 11.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.